IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-260-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| TORRENCE LASHAWN HOWARD, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for early termination of supervised release (DE 50). The government did not respond to the motion. For the following reasons, the court denies the motion.

## BACKGROUND

On December 12, 2007, defendant pleaded guilty to carjacking, in violation of 18 U.S.C. § 2119, and using, carrying, or brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On March 5, 2008, the court held defendant's sentencing hearing. After consideration of the advisory sentencing guidelines, the findings of a presentence investigation report, defendant's arguments at hearing, and factors set forth in 18 U.S.C. § 3553(a), the court imposed an aggregate sentence of 130 months' imprisonment, 5 years' supervised release, and a $200 special assessment. On December 23, 2016, defendant was released from imprisonment and began serving his term of supervised release. Defendant filed the instant motion seeking early termination of supervised release on May 22, 2019. Defendant requests early termination of supervised release so he can pursue an employment opportunity outside of this

judicial district. Defendant notes that he has complied with all conditions of supervised release since his release from custody.

**COURT'S DISCUSSION**

The court may terminate a term of supervised release at any time after expiration of one year of supervised release, "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice" and after consideration of the relevant factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(1). "The phrase 'the interest of justice' does give the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period." United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999).

Here, defendant pleaded guilty to carjacking and use of a firearm during a crime of violence. Defendant's criminal history included conviction for disorderly conduct, and numerous arrests for violent offenses, such as assault with a deadly weapon, assault on a school employee or volunteer, and conspiracy to commit robbery with a dangerous weapon. The presentence investigation report also found defendant had a history of substance abuse. In light of the violent nature of the defendant's offense of conviction and historical issues with substance abuse, the court finds early termination of supervised release would not promote the goals of sentencing set forth in § 3553(a). See id. (holding district court properly considered circumstances of the governing offense, criminal history, and past substance abuse problems when denying motion for early termination of supervised release). Defendant's post-sentencing compliance with the terms of supervised release, while laudable, does not justify early termination of supervised release in these circumstances.

The court, however, commends defendant for his record of achievement while in custody and on supervised release, as reflected in the instant motion. Defendant earned his general education diploma and completed numerous adult continuing education courses while incarcerated. Defendant also completed the Bureau of Prisons's residential drug abuse program, and became a mentor for fellow inmates enrolled in the program. After his release, defendant complied with all terms of supervised release, and secured gainful employment. Defendant's reported performance while incarcerated and on supervised release is consistent with the court's expectations at time of sentencing.

## CONCLUSION

Based on the foregoing, the court DENIES defendant's motion for early termination of supervised release (DE 50).

SO ORDERED, this the 14th day of August, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge